# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **FREDERICK BANKS** : | **DOCKET NO. 21-cv-00012** |
| **REG. # 05711-068** | **SECTION P** |
| **VERSUS** : | **JUDGE JAMES D. CAIN, JR.** |
| **S. MA'AT** : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Frederick Banks on January 5, 2021. Doc. 5. Banks is an inmate in the custody of the Bureau of Prisons ("BOP") and, at the time of filing the instant suit, was incarcerated at the Federal Correctional Center at Oakdale, Louisiana ("FCIO"). This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court.

## I.
### BACKGROUND

Petitioner is currently serving a sentence imposed on June 12, 2020, by the United States District Court for the Western District of Pennsylvania. Doc. 5, p. 1, ¶ 4. In the instant petition, he contends that the Bureau of Prisons ("BOP") has erroneously calculated his sentence, failing to give him credit for 20 months of time served in 2013. *Id.* at p. 6, ¶ 13.

In addition to the instant petition, Banks has filed two prior petitions for writ of habeas corpus in this court, *Banks v. S. Ma'at, et al*, Docket No. 2:20-cv-1610 (W.D. La. Dec. 10, 2020) and *Banks v. S. Ma'at*, 2:21-cv-00011 (W.D. La. Jan. 5, 2021). He raises the same issues in all

three. The claims presented in the instant petition are duplicative of those raised in the earlier petition. Accordingly, the habeas petition presently before this Court should be dismissed as duplicative. *See Banks v. Holsten,* No. 5:10cv8, 2010 U.S. Dist. LEXIS 146407 (S.D. Miss. Feb. 8, 2010).

Accordingly,

**IT IS RECOMMENDED** that this matter be **DISMISSED** as duplicative.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations reflected in this report and recommendation within ten (10) business days following the date of its service, shall bar an aggrieved party from attacking on appeal, either the factual findings or the legal conclusions that were accepted by the District Judge and that were not objected to by the aforementioned party, except upon grounds of plain error.

THUS DONE AND SIGNED in Chambers this 5th day of May, 2021.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE